PAUL J. YAMIN *v.* SAVARESE AND SCHEFILITI, P.C.
(AC 18966)

Spear, Mihalakos and Freedman, Js.

Argued December 6, 1999—officially released June 13, 2000

*John A. Reed,* with whom was *Wesley W. Horton,* for the plaintiff in error.

*Brenden P. Leydon,* with whom, on the brief, were *Joseph J. Capalbo II* and *Susan F. D'Elia,* for the defendant in error.

*Opinion*

FREEDMAN, J. The plaintiff in error, attorney Paul J. Yamin, has filed a writ of error challenging the trial court's order of sanctions against him. We conclude that the court's order was proper. Accordingly, we affirm the order of the trial court.

The court found the following facts, which are not in dispute. The defendant in error, Savarese and Schefiliti, P.C. (Savarese), a professional corporation of engineers and land surveyors, brought an action as a successor in interest to another professional corporation, Somers and Schefiliti, P.C. (Somers), against the Stallion Corporation (Stallion). Yamin represented Stallion in the action. Savarese alleged in its complaint that it had succeeded to all of the assets of Somers, including the cause of action against Stallion. During the course of the action, Stallion, through Yamin, propounded interrogatories to Savarese. Interrogatory number five in a request dated March 26, 1997, provided, in its entirety, as follows: "State whether or not there are any documents transferring assets and liabilities or both from Somers and Schefiliti, P.C. to Savarese and Schefiliti, P.C." The response, dated October 21, 1997, provided,

in its entirety, as follows: "To the best of my knowledge, there are none."

On November 24, 1997, Yamin filed a motion to dismiss the action, arguing that Savarese lacked standing to invoke the jurisdiction of the court. The motion stated in relevant part that "[i]n response to an inquiry as to whether or not there was a transfer of assets and liabilities from Somers and Schefiliti, P.C. to the plaintiff Savarese and Schefiliti, P.C., the response of the plaintiff was, 'To the best of my knowledge, there are none.' " On December 10, 1997, Savarese filed an objection to the motion to dismiss, together with the affidavit of Domenic M. Schefiliti, the president of Savarese, certain exhibits and a memorandum of law. The objection claimed that the motion to dismiss contained a misstatement and pointed out that interrogatory number five did not ask whether there was a *transfer* of assets, but rather, whether there were *documents* evidencing the transfer.[1] On February 9, 1998, the court denied the motion.

---

[1] Savarese stated, in its objection to the motion to dismiss, that "[Stallion] has misstated a discovery response submitted by [Savarese] by saying that [Savarese] has denied a transfer of assets from the predecessor corporation to [Savarese]. What [Savarese] actually said was that there is no written record demonstrating such a transfer, so far as [Savarese] knows. This is apparent from a cursory glance of Interrogatory #5 of [Stallion's] March 26, 1997 discovery request."

Domenic M. Schefiliti, in his affidavit attached to the opposition to the motion to dismiss, stated in relevant part:

"1. I am the President of [Savarese] and as such I am fully familiar with the facts giving rise to this action.

"2. I was also the President of the corporation known as Somers & Schefiliti, P.C., which was dissolved on or about October 1, 1991. (A certified copy of its certificate of dissolution is attached hereto as Exhibit 'A.')

"3. *It is untrue that there was no transfer of assets from Somers & Schefiliti, P.C. to [Savarese], as is claimed by Attorney Yamin.*

"4. Mr. Yamin's discovery request of March 26, 1997 (Interrogatory #5) merely asked me if there were any *documents* showing a transfer of assets from the first corporation to its successor, and I truthfully responded that, to the best of my knowledge, there were none. (A copy of this Interrogatory is attached hereto as Exhibit 'B.')" (Emphasis in original.)

On February 19, 1998, Stallion, through Yamin, filed a "motion in limine re issue of successor in interest of [Savarese] to Somers & Schefiliti, P.C." This motion sought to exclude at trial all evidence that Savarese was a successor in interest to Somers. The motion stated in relevant part that on March 26, 1997, interrogatories were "sent to [Savarese] requesting information as to the transfer of assets and liabilities [from] Somers & Schefiliti, P.C. to . . . Savarese & Schefiliti, P.C." and that the response of Savarese was " '[t]o the best of my knowledge, there are none.' " Savarese filed an objection to the motion in limine and filed the motion for sanctions that is the subject of the present writ of error.

As the court noted, the motion for sanctions set forth the misstatements made in both the motion to dismiss and the motion in limine, and the steps that Savarese had to take to bring the misrepresentations to the attention of the court. The motion requested relief, including an award of attorney's fees incurred by Savarese in opposing both motions. Following a hearing, the court found that Yamin had violated rule 3.3 (a) (1)[2] of the Rules of Professional Conduct and Practice Book § 4-2,[3] by knowingly misstating the content of interrogatory number five. The court therefore ordered Yamin to pay

---

[2] Rule 3.3 (a) (1) of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not knowingly . . . (1) Make a false statement of material fact or law to a tribunal . . . ."

[3] Practice Book § 4-2 provides: "(a) Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign his or her pleadings and other papers. The name of the attorney or party who signs such document shall be legibly typed or printed beneath the signature.

"(b) The signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and belief there is good ground to support it, and that it is not interposed for delay. Each pleading and every other court-filed document signed by an attorney or party shall set forth the signer's telephone number and mailing address."

attorney's fees to Savarese in the amount of $1905. Yamin then filed the present writ of error.

Yamin contends before this court that he could not have knowingly misrepresented interrogatory number five to the court because the interrogatory was before the court as an exhibit attached to his memorandum of law. Yamin further argues that the memorandum of law submitted with the motion to dismiss clearly indicated that interrogatory number five referred to the absence of documents regarding the transfer of assets. With regard to the motion in limine, Yamin argues that his intent, given the interrogatory response, was to prevent Savarese from introducing documentary evidence that showed a transfer of assets. Yamin further argues that the motion in limine was procedurally proper following the denial of the motion to dismiss. We disagree with Yamin's claims.

"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." *Bergeron* v. *Mackler*, 225 Conn. 391, 397, 623 A.2d 489 (1993). The court further has the inherent power to discipline members of the bar and "to provide for the imposition of reasonable sanctions to compel the observance of its rules." (Internal quotation marks omitted.) *Gionfrido* v. *Wharf Realty, Inc.*, 193 Conn. 28, 33, 474 A.2d 787 (1984). "[T]he task of determining whether sanctions should be imposed is inherently fact bound, and requires carefully circumscribed discretion to be exercised by the trial court." (Internal quotation marks omitted.) *Double I Ltd. Partnership* v. *Plan & Zoning Commission*, 218 Conn. 65, 84, 588 A.2d 624 (1991). We review the record to determine whether the court has abused this discretion. Id.

The court found that Yamin had "clearly . . . violated both rule 3.3 (a) (1) and Practice Book § 4-2." The

court went on to find that "[i]n the motion to dismiss and the motion in limine, both of which are based on interrogatory number five and its response, he knowingly misstated the content of the interrogatory. There was no good ground to support either motion. The misstatement in the motion in limine is particularly egregious because it was made only ten days after the court had denied [Stallion's] motion to dismiss, thereby clearly rejecting the merit of [Stallion's] claim."

On the basis of our review of the record, we conclude that the court reasonably could have found that the sanctions order was appropriate. The court found, following the hearing, that Yamin had knowingly misstated the content of interrogatory number five in both the motion to dismiss and the motion in limine. The court did not abuse its discretion in granting Savarese's motion for sanctions.

The judgment is affirmed.

In this opinion the other judges concurred.